UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JC Devar Sanders, | ) | CASE NO. 5:24 CV 2169 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Warden Michael Mahlmeister, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

Petitioner JC Devar Sanders filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 on December 13, 2024. He is currently incarcerated in the Lorain Correctional Institution, having been convicted in the Summit County Court of Common Pleas on June 4, 2024 of felonious assault, aggravated menacing, failure to comply with the order of a police officer, having a weapon under disability, a weapon specification, and a repeat violent offender specification. Sanders failed to appear in court on the last day of his trial. He was arrested in New Castle, Pennsylvania on September 8, 2024 and he was extradited back to Ohio as a fugitive in November 2024. He was sentenced on Feb. 7, 2025 to 17 to 21 years incarceration. *See State of Ohio v. Sanders*, No. CR-2022-04-1359 (Summit Cty Ct. Comm. Pl. June 10, 2025). Sanders filed a direct appeal of his conviction on February 11, 2025. That appeal is still pending.

This Petition is premature. A state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a Petition for a Writ of Habeas Corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). To be

properly exhausted, the Petitioner must pursue his direct appeals, post conviction relief (if applicable), and any other appropriate remedies through to the Ohio Supreme Court. Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Claims that were not so evaluated because they were never presented to the state courts (i.e., exhausted) are not cognizable on federal habeas review. Sanders filed this Petition in December 2024. He was not sentenced until February 7, 2025 and did not file his direct appeal until February 11, 2025. His appeal is still pending. He has not exhausted his state court remedies. He must complete his appeals process before he file a federal habeas petition.

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (ECF No. 1) is dismissed without prejudice for failure to exhaust state court remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

**IT IS SO ORDERED**.

/s/ Dan Aaron Polster   3/6/2025
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**